IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2018 MAR 19 PM 3:30

| | |
|---|---|
| **WOUAFF WOUAFF LLC D/B/A AUSSIE PET MOBILE TAMPA BAY**<br><br>Plaintiff,<br><br>MELISSA T. MCELORY<br><br>Defendant. | 6:18-cv-418-ORL-41-TBS<br><br>CASE NO:<br>DIVISION:<br><br>COMPLAINT |

## COMPLAINT FOR INJUNCTIVE RELIEVE, DAMAGES, AND OTHER STATUTORY RELIEF

Plaintiff, Wouaff Wouaff LLC D/B/A Aussie Pet Mobile Tampa Bay, a Florida Limited Liability Company (hereinafter, "**Aussie**") sues Defendant, Melissa T. McElroy (the "**Defendant**"), a Florida resident, individually, and alleges:

## INTRODUCTION

This action arises from Defendant's continued unauthorized use of Aussie's trade secrets along with a blatant disregard for - and breach of - Aussie's Confidentiality, Non-Compete, and Non-Solicitation Agreement. Aussie seeks injunctive relief to prevent Defendant from further utilizing and disclosing its trade secrets and confidential information.

## JURISDICTION AND VENUE

1. This is an action for injunctive and statutory relief, brought pursuant to the following statutes:

   (a) Federal Defend Trade Secrets Act of 2016; and

   (b) Florida Statute § 688

3. This Court has original, federal question, subject matter jurisdiction over this action by virtue of 18 U.S.C. § 1836(b), because Aussie brings a claim of Defendant's violation of federal law pursuant to the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836(b) ("**DTSA**"). This Court has supplemental jurisdiction over Aussie's Florida state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over the Individual Defendants pursuant to Florida Statute §688 because she is domiciled in the State of Florida. .

5. All actions material to the complaint have occurred within three (3) years of the filing of this Action.

6. Venue is proper in the Middle District of Florida. because:

   (a) Defendant, and her actions alleged in this Complaint, are present in the Middle District of Florida;

   (b) The events giving rise to Aussie's claim occurred in this District;

   (c) Aussie's Confidentiality, Non-Compete, and Non-Solicitation Agreement contains a venue forum selection clause, selecting the United States District Court for the Middle District of Florida, Orlando Division, as the exclusive venue.

## PARTIES

7. Aussie is a Florida limited liability company that is licensed to do business in Florida, with a principal address of 13506 Summerport Village Parkway, Suite 153, in Windermere, Orange County, Florida, and within this judicial district.

8. Defendant is a natural person and presently, and at all times material to the allegations, resided in Hillsborough County, Flroida, at the following addresses:

   (a) 14410 North Florida Avenue, Tampa, Florida 33624;

   (b) 16320 Northdale Oaks Drive, Tampa, Florida 33624;

   (c) 10332 Chadbourne Drive, Tampa, Florida 33624; and

   (d) 3906 Carrollwood Place Circle, Building 3, Apartment #304, Tampa, Florida 33624.

## FACTUAL ALLEGATIONS

9. Aussie repeats and re-alleges Paragraphs 1 through 20 with the same force and effect, as it fully set forth above.

10. Upon information and belief, Defendant participates in, controls, or possesses the authority to control her involvement with: "Offer Up", a website whereby an individual can offer services to interested parties; and "Pet Groomer at Mobile Pet Grooming", a Facebook Page. See Exhibits "B" and "C", attached.

11. On August 12, 2016, in consideration of Defendant's employment with Aussie, Defendant executed a Confidentiality, Non-Compete, and Non-Solicitation

Agreement (the "**Non-Compete**"). The Non-Compete survives Defendant's employment with Aussie and prohibits Defendant from engaging in certain conduct both during and after her employment. See Exhibit "A", attached.

12. Specifically, the Non-Compete prohibits Defendant from disclosing trade secrets or other confidential information of Aussie during or after the term of employment for a period of five (5) years following the end of employment with Aussie. *Id.*

13. The Non-Compete Agreement also prohibits Defendant from engaging in any activity that could have the effect of directing business away from Aussie or engaging in any other activities that conflicted with Defendant's obligations to Aussie during or after the term of employment, for a period of one (1) year following the end of employment with Aussie. *Id.*

14. As of April 16, 2017, Defendant was no longer an employee of Aussie.

15. During the period when Defendant was employed by Aussie, she was provided with Aussie's Trade Secrets and training materials.

16. Shortly after Defendant's employment with Aussie ended, Aussie began receiving messages from its customers that Defendant was engaging in prohibited conduct.

17. Further, Defendant, on her "FaceBook" profile, lists that she is a Pet Groomer with "Mobile Pet Grooming" which is in direct violation of the Non-Compete. See Exhibit "B", attached.

18. Defendant posted on www.offerup.com that an interested party can bring their pet into her "all service and fully functional grooming van." See Exhibit "C". This

took place during a period of time that was less than one (1) year from the end of her employment with Aussie; to-wit, is a breach of the Non-Compete.

19. On or about December 15, 2017, Aussie, by and through counsel, attempted to resolve this matter without the need for judicial intervention, thereby placing Defendant on notice of her breach of Non-Compete, as well as violations of various Federal and State laws, including misappropriation of trade secrets. Aussie informed Defendant of its knowledge of her activities and sent a letter requesting that Defendant cease and desist her activity. <u>See</u> Exhibit "D", attached.

20. As of the date of the filing of this Complaint, Defendant has continued to offer her mobile pet grooming services on Offer Up.

<u>COUNT I</u>
**(Misappropriation of Trade Secrets, Florida Statutes Chapter 688 "Uniform Trade Secrets Act")**

21. Aussie repeats and re-alleges Paragraphs 1 through 20 with the same force and effect, as it fully set forth above.

22. The trade secrets compiled by Aussie, including but not limited to, customer lists, detailed customer profiles, buying patterns, customer needs and preferences, customer-specific pricing and services, as well as, formulas, patterns, compilations, programs, devices, methods, techniques, and processes related to mobile pet grooming (the "**Trade Secrets**"), are protectable as trade secrets under Florida Statute Chapter 688 (the "**Uniform Trade Secret Act**").

23. The Trade Secrets are valuable to Aussie and a critical part of its business and Aussie has invested considerable time, effort, and money into compiling the Trade Secrets for its business.

24. Aussie has derived actual economic value from the Trade Secrets that has put Aussie ahead of its competitors in providing customers with a full service business model in the mobile pet grooming industry, and expects to continue to derive further value as Aussie continues to improve its model.

25. The Trade Secrets are not published to Aussie's competitors and Aussie took reasonable steps to protect the Trade Secrets, including but not limited to, instituting confidentiality policies and having valuable employees agree to non-competition agreements and confidentiality and proprietary information agreements, sharing the Trade Secrets with a limited, restricted group, and labeling certain documents as proprietary and confidential.

26. Aussie provided the Trade Secrets to the Individual Defendants pursuant to the Non-Compete attached hereto as Exhibit A, which permitted the Defendant to use the Trade Secrets solely for Aussie's business operations. Defendant only had access to the Trade Secrets by virtue of her employment with Aussie. See Exhibit "A", attached.

27. Defendant knew she was subject to a duty to maintain the secrecy of and limit the use of the Trade Secrets.

28. Despite such knowledge, the Defendant, upon information and belief, has willfully and maliciously misappropriated Aussie's Trade Secrets by sharing them with the public at large.

29. As a result of Defendant's misappropriation, Aussie has suffered and will suffer damages and irreparable harm in an amount to be determined.

30. In taking these actions, Defendant has acted intentionally, maliciously, and/or in reckless disregard of Aussie's rights such that Aussie is entitled to exemplary damages as well as an award for its attorneys' fees, expenses, and costs.

## COUNT II
### (Violation of the Federal Defend Trade Secrets Act of 2016)

31. Aussie repeats and re-alleges paragraphs 1 through 32 hereof, as if fully set forth herein.

32. Aspects of Aussie's Trade Secrets, including confidential and proprietary customer lists, detailed customer profiles, buying patterns, customer needs and preferences, and customer-specific pricing, techniques, and services, constitute protectable trade secrets.

33. The Trade Secrets relate to services used in or intended for use in interstate commerce.

34. Aussie has invested considerable time, effort, and money into compiling the Trade Secrets for its Business.

35. Aussie has derived actual economic value from the Trade Secrets that has put Aussie ahead of its competitors in providing customers with a full service business model in the pet grooming industry, and expects to continue to derive further value as Aussie continues to improve its model.

36. Aussie took reasonable steps to protect these trade secrets, including, among other things, instituting confidentiality policies, having employees agree to non-

competition agreements and confidentiality and proprietary information agreements, sharing these trade secrets with a limited, restricted group.

37. Aussie provided the Trade Secrets to the Defendant pursuant to the agreement attached hereto as Exhibit A, which permitted the Defendant to use the Trade Secrets solely for Aussie's business operations.

38. The Defendant knew she was subject to a duty to maintain the secrecy of and limit the use of the Trade Secrets.

39. Upon information and belief, the Defendant has retained the Trade Secrets and used them for her own profit, which has allowed her and will continue to allow her to copy Aussie's protectable trade secrets and benefit from the significant expense Aussie.

40. Aussie has been harmed and will continue to be irreparably injured by Defendant's violation of this statute.

## COUNT III
### (Breach of Contract)

41. Aussie re-alleges and incorporates paragraphs 1 through 20 above as if set forth herein.

42. Aussie and Defendant entered into a contract on August 12, 2016, i.e., the Non-Compete.

43. Aussie has fully performed its obligation under the Non-Compete.

44. The restrictions set forth in the Non-Compete are reasonable and necessary to protect the legitimate business interests of Aussie.

45. Defendant has materially breached the Non-Compete agreement and her obligations to Aussie.

46. As a direct and proximate result of Defendant's breaches of the Non-Compete, Aussie has suffered, and will continue to suffer, damages as well as irreparable harm in the form of a loss of customers, loss of customer goodwill, and loss of future business opportunities.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Aussie demands judgment against Defendant, in an amount that exceeds the jurisdictional limits, and respectfully requests an order from this Honorable Court for the following relief:

- Finding that Defendant has violated the terms of its Non-Compete;
- Finding that Defendant has misappropriated Aussie's Trade Secrets in violation of the DTSA and Uniform Trade Secrets Act;
- Granting an injunction and enjoining the Defendant from engaging in any act constituting a violation of the terms of the Non-Compete;
- Granting an injunction and enjoining the Defendant from engaging in any act constituting a misappropriation of Aussie's Trade Secrets;
- Finding Aussie to be the prevailing party, and thus awarding Aussie its consequential and compensatory damages, including but not limited to, Defendant's profits, and Plaintiff's lost profits, reasonable attorneys' fees, and costs of the action under this Complaint; and
- Awarding such other and further relief as this Court deems just and proper.

Dated this 14th day of March, 2018.

Respectfully submitted by:

**DOM LAW, PA**

By:_____
**Domenick Lazzara, Esq.**
**FBN: 0103071**
Dom Law, P.A.
1814 N 15th Street
Ybor City, FL 33605
P: 813.867.4796
F: 813.606.5336
E: Dom@domlaw.com
E: Records@domlaw.com

***Counsel for Plaintiff***