UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WOUAFF WOUAFF LLC,

     Plaintiff,

v.                                          Case No:   6:18-cv-418-Orl-41TBS

MELISSA T. MCELROY,

     Defendant.

_____

## REPORT AND RECOMMENDATION

     This case comes before the Court on Plaintiff's Motion for Entry of Default

Judgment Against Defendant (Doc. 16). No papers in opposition to the motion have been

filed and the time within to do so has expired. Still, for the reasons that follow, I

respectfully recommend that the motion be **denied**.

## I. Background[1]

     Plaintiff Wouaff Wouaff LLC d/b/a Aussie Pet Mobile Tampa Bay is in the animal

grooming business (Doc. 1-2 at 1). It employed Defendant Melissa T. McElroy on terms

that include a Confidentiality, Non-Compete, and Non-Solicitation Agreement

("Agreement") (Id.). Plaintiff alleges that while in its employ, McElroy was privy to the

company's trade secrets and training materials (Doc. 1, ¶ 15). After McElroy's

employment ended Plaintiff began receiving messages from its customers advising that

McElroy is engaging in competitive activity that is prohibited by the Agreement (Id., ¶¶ 14,

16). Count III of Plaintiff's complaint alleges that McElroy has breached the Agreement by

advertising her services as a pet groomer with a mobile pet grooming business on social

---

[1] The Court has not made any findings of fact in this case. It has simply restated the allegations made in Plaintiff's complaint, filed on the public docket at entry number 1.

networking services, Facebook and Offer Up (Id., ¶¶ 17-18, 20). Count I complains that McElroy misappropriated Plaintiff's trade secrets in violation of Florida's Uniform Trade Secrets Act, Chapter 688 Florida Statutes (Id., ¶¶ 21-30). Count II alleges that McElroy has violated the Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. § 1836(b) (Id., ¶¶ 31-40). Plaintiff asserts that the Court has federal question jurisdiction over Count II and supplemental jurisdiction over Counts I and III (Id., ¶ 3). Plaintiff seeks, *inter alia*, injunctive relief, damages, attorney's fees and costs (Id., at 9).

## II. Discussion

This is a court of limited jurisdiction. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) ("It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction ... 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress.") (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)). Parties seeking to invoke the Court's jurisdiction must show that the underlying claim is based upon either diversity jurisdiction or the existence of a federal question (i.e "a civil action arising under the Constitution, laws, or treaties of the United States"). See 28 U.S.C. §§ 1331-1332. A federal district court "has the obligation to review [on its own motion] whether it has subject matter jurisdiction" and if jurisdiction is found to be lacking, the court cannot proceed, and its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. Fla. Wildlife Fed'n., Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1302 (11th Cir. 2011); Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998). "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such

original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Whether the Court has jurisdiction over this case depends upon whether Plaintiff has stated a cause of action under the DTSA. M.C. Dean, Inc. v. City of Miami Beach, Florida, 199 F. Supp. 3d 1349, 1353 (S.D. Fla. 2016) ("On May 11, 2016, the Defend Trade Secrets Act, Publ. L. 114-53, 130 Stat. 376, conferred on U.S. district courts subject matter jurisdiction over civil actions pertaining to the theft of trade secrets used in interstate or foreign commerce ... The district courts of the United States shall have original jurisdiction of civil actions brought under this section.'"). The DTSA creates a private right of action "for trade secret misappropriation in which '[a]n owner of a trade secret that is misappropriated may bring a civil action ... if the trade secret is related to a product or service used in, or intended for use in interstate or foreign commerce." Trinity Graphic, USA, Inc. v. Tervis Tumbler Co., 320 F. Supp. 3d 1285, 1292 (M.D. Fla. 2018). Plaintiff alleges that: "The Trade Secrets relate to services used or intended for use in interstate commerce." (Doc. 1, ¶ 33). No facts are pled to support this conclusion. More importantly, it is contradicted by the Agreement, which states:

> **WHEREAS,** Employer is an animal grooming business and has established a fine reputation and substantial goodwill in that business and serves customers throughout Hillsborough, Pasco, and Pinellas Counties, Florida (the Business");

> **WHEREAS,** Employee acknowledges that its products and services related to such Business are marketed and provided throughout, and that the Business of Employer is a very competitive business, and competes with other businesses that are located in, Hillsborough, Pasco, and Pinellas Counties, Florida[.]

(Doc. 1-2 at 1). So, it is apparent that Plaintiff is an animal grooming business operating in Hillsborough, Pasco, and Pinellas Counties, Florida; not in interstate or foreign commerce. When the exhibits contradict the averments in the complaint, the exhibits

control. Fiedler v. Wells Fargo N.A., Case No. 6:18-cv-962-Orl-41KRS, 2018 WL

4193697, at *4 (M.D. Fla. Aug. 7, 2018); Randerson v. Hayden, PLLC, No. 8:15-cv-615-T-

30TBM, 2015 WL 4429354, at *5 (M.D. Fla. July 20, 2015); Rondon v. HSBC Bank USA,

N.A., No. 6:13-cv-247-Orl-19TBS, 2013 WL 1147048, at *2 (M.D. Fla. Mar. 19, 2013)

(citing Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007). Consequently,

Plaintiff has not alleged a cause of action under the DTSA because it has not shown that

it provides a product or service used or intended to be used in interstate or foreign

commerce.

There is a second reason why Plaintiff has failed to state a cause of action under

the DTSA. That is, it has not alleged facts showing that it has any protectable trade

secrets. The DTSA defines a trade secret as:

> [A]ll forms of financial, business, scientific, technical,
> economic, or engineering information, including patterns,
> plans, compilations, program devices, formulas, designs,
> prototypes, methods, techniques, processes, procedures,
> programs, or codes, whether tangible or intangible, and
> whether or how stored, compiled, or memorialized physically,
> electronically, graphically, photographically, or in writing if-
>
> (A) the owner thereof has taken reasonable measures to keep
> such information secret; and
>
> (B) the information derives independent economic value,
> actual or potential, from not being generally known to, and not
> being readily ascertainable through proper means by, another
> person who can obtain economic value from the disclosure or
> use of the information[.]

Trinity Graphic, 320 F. Supp. 3d at 1292 (citing 18 U.S.C. § 1839(3)).

Plaintiff's complaint alleges that McElroy misappropriated its customer lists,

detailed customer profiles, buying patterns, customer needs and preferences, customer-

specific pricing and services, as well as formulas, patterns, compilations, programs,

devices, methods, techniques, and processes related to mobile pet grooming (Doc. 1, ¶

22). At most, these are categories of trade secrets. Plaintiff's averments fail to allege the actual secrets that are the subject of the claim and Plaintiff has not filed any declarations or other evidence to elaborate on its general assertions. Without more, the Court cannot make a finding that Plaintiff has any trade secrets that were misappropriated by McElroy. See G.W. Henssler & Assoc. Ltd. v. Marietta Wealth Mgmt, LLC, Civil Action, 1:17-cv-2188-TCV, 2017 WL 6996372, at * 4 (N.D. Ga. Oct. 23, 2017) (The court determined that the plaintiff's customer list qualified as a trade secret because the plaintiff demonstrated that the list "contain[ed] sensitive client information such as names, addresses, telephone numbers, monetary amounts and notes including needs or preferences ..."); Space Sys./Loral, LLC v. Orbital ATK, Inc., 306 F. Supp. 3d 845, 853-854 (E.D. Va. 2018) (the court found that a plaintiff satisfied the first element of the complaint by providing a factual description of the compromised documents, "including their relation to [plaintiff's] technological development for robotic satellite assembly, system engineering, and research and development."); Knights Armament Co. v. Optical Sys, Tech. Inc., 254 F.R.D.463, 467 (M.D. Fla. Nov. 20, 2008) ("[I]t is insufficient to describe the trade secrets by generic category ... Rather, defendant must identify the specific characteristics of each trade secret ... [i]t must also describe with reasonable particularity all of its trade secrets, inkling those involving 'business methods, know-how, machines, manufacturing process and procedure, marketing information, pricing data ...") (quoting Del Monte Fresh Produce Co. v. Optical Sys. Tech., Inc., 148 F. Supp. 2d 1322 (S.D. Fla. 2001)); see also Lovell Farms, Inc. v. Levy, 641 So.2d 103, 105 (Fla. 3d DCA 1994); Whetstone Holdings, LLC v. Thorell, No. 13-cv-24138-UU, 2014 U.S. Dist. LEXIS 188844, at *12 (S.D. Fla. Feb. 5, 2014) ("a plaintiff must describe a trade secret with 'reasonable particularity.'").

It is axiomatic that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims

that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Plaintiff's failure to state a cause of action under the DTSA divests this Court of original jurisdiction over the case. And, since original jurisdiction is lacking, the Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims. <u>Fuller v. Ala. Dep't of Transp. by and through the Director of Ala. Dep't of Transp.</u>, Civil Action No. 1:17-cv-01214-VEH, 2017 WL 3722553, at *2 (N.D. Ala. Aug. 29, 2017) ("[H]aving dismissed all claims over which it has original jurisdiction, and given the stage of the proceedings, the Court declines to exercise supplemental jurisdiction over the remaining state law claim[.]"); <u>Omega Farm Supply, Inc. v. Tifton Quality Peanuts, LLC</u>, Civil Action No. 7:07-cv-101(HL), 2008 WL 926981, at *2 (M.D. Ga. April 1, 2008) ("[T]his Court cannot exercise supplemental jurisdiction over the remaining state law claims in this case because the sole claim within the original jurisdiction of this Court was dismissed for lack of subject matter jurisdiction."); <u>Mizell v. Wells Fargo Bank, N.A.</u>, Civil Action No. 1:14-cv-13-WHA, 2014 WL 2440853, at *5 (M.D. Ala. April 9, 2014) ("Mizell's federal claims are due to be dismissed. Accordingly, the remaining state law claims are not related to any federal claims in this action, and there is no basis for supplemental jurisdiction."); <u>see also Maughon v. City of Covington</u>, 505 F. App'x 818, 823 (11th Cir. 2013) (citing <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 349-50 (1988)); <u>Gary v. City of Warner Robins, Ga.</u>, 311 F. 3d 1334, 1335 n.1 (11th Cir. 2002).

### III. Conclusion

While I have doubts about whether Plaintiff can amend its pleadings to show that it actually engaged in interstate or foreign commerce during the relevant time period, the Court may wish to give Plaintiff an opportunity to amend its complaint before dismissing this case for lack of subject matter jurisdiction. In the meantime, I **RESPECTFULLY**

**RECOMMEND** the Court **DENY** Plaintiff's Motion for Entry of Default Judgment Against Defendant (Doc. 16). I also recommend the Court **DISMISS** Plaintiff's complaint and, out of an abundance of caution, that Plaintiff be provided with a single opportunity, if it wishes, to amend its complaint to address the defects identified in this Report and Recommendation.

## IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on November 1, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record
Unrepresented Parties