**WOUAFF WOUAFF LLC,**

       **Plaintiff,**

**v.**                                   **Case No: 6:18-cv-418-Orl-41TBS**

**MELISSA T. MCELROY,**

       **Defendant.**

_____/

## PLAINTIFF'S NOTICE OF FILING OBJECTION
## TO REPORT AND RECOMMENDATION

Plaintiff, Wouaff Wouaff, LLC. ("Wouaff Wouff"), by and through undersigned counsel, and in response to this Court's November 1, 2018 Report and Recommendations (Doc. 17), files its Notice of Filing Objection to Report and Recommendation. In support, Wouaff Wouff provides the below Introduction and Memorandum of Law.

## INTRODUCTION

The crux of this Court's Report and Recommendation is that the Court lacks original jurisdiction because Wouaff Wouaff has not stated a cause of action under the Defend Trade Secret Act of 2016, 18 U.S.C. s. 1836(b), or DTSA (Doc. 17 at 3). If the Court lacks federal question jurisdiction over Wouaff Wouaff's DTSA claim (Doc. 1, at Count II), then the Court cannot exercise supplemental jurisdiction over the Florida state law claims (Doc. 1, at Counts I and III), thus divesting the Court of original jurisdiction over the case (Doc. 17, at 6).

Wouaff Wouaff concedes that it "has not alleged a cause of action under the DTSA because it has not shown that it provides a product or service used or intended to be used in interstate or foreign commerce" (Doc. 17, at 6). Further, Wouaff Wouaff agrees with the Court's Conclusion: Wouaff Wouaff cannot, in good faith, amend its pleading to show that "it is actually engaged in interstate or foreign commerce during the relevant time period" (Doc. 17, at 7). Wouaff Wouaff maintains that it has colorable claims under Florida's Uniform Trade Secrets Act, Chapter 688 Fla. Stats. ("FUTSA"), and objects to the Court's suggestion that it "has not alleged facts showing that it has any protectable trade secret" because alleging such facts in any pleading not filed under seal would undermine the very meaning of a trade secret (Doc. 17, at 4). See *Tedder Boat Ramp Systems, Inc. v. Hillsborough County Fla,* 54 F.Supp.2d 1300, at 1302-1304 (M.D. Fla. 1999) (the act of making a trade secret public would not satisfy the secrecy requirement of a trade secret); see also, Fla. Stat. 688.002(4)(a) (the definition of a trade secret not only requires that a trade secret be kept from the public, but also that if others were given access to the trade secret, they could obtain economic value from its disclosure or use).

If the Court were to dismiss Wouaff Wouaff's complaint with leave to amend, Wouaff Wouaff would not be able to address those defects identified by the Court that divest it of its jurisdiction. Instead of dismissing Wouaff Wouaff's entire complaint, this Court should only dismiss those claims which it would have had federal question jurisdiction over in the absence of Wouaff Wouaff's defects, i.e., Count II alleging violation of the DTSA; Count II should be dismissed (Doc. 1, at pars. 31-40). The remaining Florida state law claims over which the Court would have had supplemental

jurisdiction over, i.e., Counts I and III alleging violation of FUTSA and breach of contract under Florida law, respectively, should be remanded to state court sitting in Orange County, Florida (Doc. 1, at 31-46).

## MEMORANDUM OF LAW

Often, when the court questions its subject matter jurisdiction *sua sponte*, it will ask the parties to brief the issue before deciding whether or not to order remand. See *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1258-59 & n.2 (3d Cir. 1996). W h e n a remand is based on lack of subject matter jurisdiction, a remand order may be entered at any time because "jurisdiction goes to the very power of the court to act." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008); see 28 U.S.C. s. 1447(c); *Steel Co. v. CItizens for a Better Env't,* 523 U.S. 83, 95 (1998) (requirement that jurisdiction be established as threshold matter springs from nature and limits of judicial power of United States). The remand order may be entered *sua sponte* for lack of subject matter jurisdiction. *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus*, Inc., 561 F.3d 1294, 1296 (11th Cir. 2009) (citing *Ellenburg,* 519 F.3d at 196). **The district court's ability to remand a case for lack of subject matter jurisdiction at any time is rooted in 28 U.S.C. s. 1447(c) which states that if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."** 28 U.S.C. s. 1447(c); see *Corp. Mgmt. Advisors, Inc.,* 561 F. 3d at 1296.

A district court may not remand a case *sua sponte* for non-jurisdictional, procedural defects. *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.,* 254 F.3d 1317, 1321 (11th Cir. 2001); see 28 U.S.C. s. 1447(c). Rather, the district

court must wait for a party's motion before remanding a case based on a procedural defect. *Id.* Even still, this circuit has recognized a plaintiff's ability to acquiesce to federal jurisdiction and forgive any of the defendant's procedural errors in removing the case so long as it is not abused as a means to frustrate the statutes' goals of preventing delay and shuffling of cases back and forth. *Id.*

The Court's Report and Recommendation allows for remand to state court sitting in Orange County because the Court has legitimate doubts about whether Wouaff Wouaff can amend its pleadings to show it was engaged in interstate commerce during the relevant time period, and thus **lacks subject matter jurisdiction** (Doc. 17, at 6-7). Wouaff Wouaff confirms the Court's doubts are real; it cannot amend its pleadings to cure its jurisdictional defect. Supra. Because the defect is jurisdictional, and not procedural, the Court can remand this case *sua sponte*; that the case originated in this Court, and that the Defendant has not filed a single paper in opposition (Doc. 17, at 1) further supports that remand is proper by the Court *sua sponte*. 28 U.S.C. s. 1447(c); *Corp. Mgmt. Advisors, Inc.,* 561 F.3d at 1296; *Whole Health Chiropractic & Wellness, Inc.,* 254 F.3d at 1321.

Wouaff Wouaff alleges it employed Defendant on terms that included a Confidentiality, Non-Compete, and Non-Solicitation Agreement (the "Agreement") (Doc. 17, at 1; Doc. 1 at par. 15). The Court's Report and Recommendation suggests that this Agreement supports the Court's lack of subject matter jurisdiction because it makes apparent that Wouaff Wouaff "is an animal grooming business operating in Hillsborough, Pasco, and Pinellas County, Florida" (Doc. 17, at 3). See *Fieldler v. Wells Fargo N.A.*, 2018 WL 4193697, at *4 (M.D. Fla. 2018) (when the exhibits contradict the averments in

the complaint, the exhibits control). The Agreement correspondingly supports that jurisdiction is proper in Florida state court sitting in Orange County; paragraph 13 of the Agreement states that the "exclusive venue of any action brought under this Agreement shall be Orange County, Florida, or the United States District Court for the Middle District of Florida, Orlando Division" (Doc. 1, at Ex. A, par. 13); see, c.f., *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754-55 (11th Cir. 2010) (in deciding whether or not to remand a case, district courts may look at the specific factual allegations made in the plaintiff's complaint and draw reasonable inferences from evidence and allegations). As to diversity, the facts alleged establish that this Court does not have diversity jurisdiction in the absence of federal question, subject matter jurisdiction, and that Orange County is proper since Wouaff Wouaff is a Florida limited liability company with a principal address in Orange County, Florida (Doc. 1, at par. 7-8). *Id.*

Wouaff Wouaff's objection then is not just to the Court's suggestion that it "has not alleged facts showing that it has any protectable trade secret" because alleging such facts in any pleading not filed under seal would undermine the very meaning of a trade secret (Doc. 17, at 4). Wouaff Wouaff's objection is to the Court's recommended relief of dismissal of Wouaff Wouaff's *entire* complaint because this would cause Wouaff Wouaff to have to start over, re-file in state court, pay additional filing fees, and re-serve a Defendant whom - to-date - has not had the courtesy of responding to a letter, much less an order of this Court (Doc. 17, at 7).

In light of less drastic relief that may be granted in this case - a *sua sponte* order of remand - this Court should not dismiss Wouaff Wouaff's entire complaint. C.f., *Strunk v. United States*, 412 U.S. 434, 438 (1973) ("Be that as it may, we know of no reason

why less drastic relief may not be granted in appropriate cases"). Here the Court should should only dismiss those claims which it would have had federal question jurisdiction over in the absence of Wouaff Wouaff's defects, i.e., Count II alleging violation of the DTSA; Count II should be dismissed without leave to amend (Doc. 1, at pars. 31-40). The remaining Florida state law claims found in Counts I and III should be remanded to state court sitting in Orange County, Florida (Doc. 1, at 31-46). It is further requested that Wouaff Wouaff not be forced to refile and incur additional filing fees.

Alternatively, should the Court find that it cannot remand this case *sua sponte,* Wouaff Wouaff asks the Court to reserve ruling on its Motion for Entry of Default Judgment Against Defendant (Doc. 16) to allow for Wouaff Wouaff to file a motion to remand.

Dated and respectfully submitted this 15th day of November, 2018.

**DOM LAW, PA**

By: /s/ Domenick G. Lazzara, Esq.
**Domenick G. Lazzara, Esq.**
Florida Bar No.: 0103071
Dom Law, PA
1814 North 15th Street
Tampa, Florida 33605
Telephone: (813) 606.5036
Facsimile: (813) 606.5336
Dom@domlaw.com
Filings@domlaw.com

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on this 15th day of November, 2018, he will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all relevant parties, and by US Priority Mail to Melissa T. McElroy, 3906 Carrollwood Place Circle, Building 3, Apartment #304, Tampa, Florida 33624, delivery confirmation requested.

Respectfully submitted this 15th day of November, 2018.

**DOM LAW, PA**

By: /s/ Domenick G. Lazzara, Esq.
**Domenick G. Lazzara, Esq.**
Florida Bar No.: 0103071
Dom Law, PA
1814 North 15th Street
Tampa, Florida 33605
Telephone: (813) 606.5036
Facsimile: (813) 606.5336
Dom@domlaw.com
filings@domlaw.com